IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BODEGA, LLC,

        Plaintiff,

v.

OLIVIA LERNER and BODEGA ROSE, INC.,

        Defendants.

Civil Action No. 19-cv-12474

**JURY TRIAL DEMANDED**

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Bodega, LLC, by and through its undersigned attorneys, sets forth and alleges the following Complaint against Defendants Olivia Lerner and Bodega Rose, Inc.:

### NATURE OF THIS ACTION

1. This is an action for trademark infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and the laws of the Commonwealth of Massachusetts.

### THE PARTIES

2. Plaintiff Bodega, LLC ("Bodega") is a limited liability company duly organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 6 Clearway Street, Boston, Massachusetts 02115.

3. Defendant Olivia Lerner ("Lerner") is an individual with an address at 333 East 30th, Apt 1M, New York, New York, 10016.

4. Defendant Bodega Rose, Inc. is, upon information and belief, a corporation organized under the laws of the State of New York with its principal place of business at 333 East 30th, Apt 1M, New York, New York, 10016.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 and 15 U.S.C. § 1121 because this is an action for trademark infringement and related unfair competition claims under federal law.

6. This Court has personal jurisdiction over Lerner and Bodega Rose, Inc. (collectively, "Defendants" or "Bodega Rose") because Defendants regularly transact business in the Commonwealth, market their products to consumers within the Commonwealth, and caused tortious injury to Bodega within this Commonwealth.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claims occurred in this district.

**FACTS**

***Bodega's Business and Its BODEGA Marks***

8. Founded in Massachusetts in 2006, Bodega immediately earned acclaim in the streetwear and sneakerhead scenes as a particularly innovative and exciting brand, recognized for its bold designs and high-profile collaboration projects with other well-known footwear and apparel brands and retailers such as adidas, Reebok, and New Balance.

9. With an extensive online presence and brick-and-mortar locations in Boston and Los Angeles, Bodega has seen a meteoric rise onto the global stage as a tastemaker, putting Boston on the streetwear map. By way of example, Bodega had secured a deal to carry limited edition releases from Nike, and attained Nike's Tier Zero status after a mere two years in operation.

10. Much of Bodega's success is owed to its longstanding and consistent use of its trademarks, including the marks BODEGA and BDGA (collectively, the "Bodega Marks").

11.     Beginning at least as early as 2006, Bodega has used the BODEGA Marks in interstate commerce in the advertisement, promotion, and sale of its products, and in the rendering of its related retail store services.

12.     Bodega is the owner of U.S. Trademark Registration Nos. 3,669,292 and 3,675,950, registered on August 18, 2009, and September 1, 2009, respectively, for its BODEGA and BDGA marks for the below listed goods:

U.S. Registration No. 3,669,292

- "Athletic shoes, Leather shoes, Leisure shoes, Running shoes, Tennis shoes, Training shoes, Women's shoes, Work shoes and boots" in Class 25

U.S. Registration No. 3,675,950

- "Clothing, namely, sports and leisure shoes, jackets, hats, and shirts" in Class 25

13.     These registrations are valid, subsisting, in full force and effect, and incontestable. Copies of the registration certificates and extracts from the United States Patent and Trademark Office's ("USPTO") TSDR database are attached hereto and included as part of Exhibit A.

14.     Bodega has continuously used its BODEGA Marks in connection with footwear and apparel since at least as early as May 2006.

15.     Bodega has promoted and advertised its BODEGA Marks for footwear and apparel through varied promotional and advertising media, including through its high-profile collaborations with other global apparel and footwear brands.

16.     As a result of Bodega's use and extensive and continuous efforts promoting the BODEGA Marks, consumers have come to recognize the BODEGA Marks as uniquely associated with Bodega and an indication of origin in Bodega, as a consequence of which Bodega has established valuable goodwill and exclusive rights in the BODEGA Marks.

***Defendants' Infringement of the BODEGA Marks***

17. In or around 2016, Defendants launched a studio designing, producing, and selling apparel and planters, including planters shaped like sneakers.

18. Notwithstanding Bodega's well-established rights in its BODEGA Marks, and without authorization or permission from Bodega, Defendants adopted the marks BODEGA ROSE and *Bodega Rose* (the "BODEGA ROSE & Design Mark") (collectively, the "BODEGA ROSE Marks") in connection with their apparel and sneaker-shaped planters, and related retail and wholesale services.

19. Shortly thereafter, Defendants began collaborating with major apparel brands on sneaker-shaped planters, including planters in the shape of various Nike sneaker models.

20. Defendants have targeted and continue to target their apparel and sneaker-shaped planters to the same classes of consumers as Bodega.

21. On or about March 26, 2018, Lerner filed United States Application Serial No. 87/850,104 for the BODEGA ROSE & Design Mark based on use of the mark in U.S. commerce, for the below-listed goods and services:

- "Hats; Pants; Sweatpants; Sweatshirts; T-shirts" in Class 25;
- "Planters for flowers and plants; Water bottles sold empty" in Class 21; and
- "Landscape design" in Class 44.

22. An extract from the USPTO's TSDR database for the BODEGA ROSE & Design Mark U.S. Application Serial No. 87/850,104 are attached hereto and included as part of Exhibit B.

23. Bodega has formally opposed the BODEGA ROSE & Design Mark U.S. Application Serial No. 87/850,104. The opposition is currently pending in the USPTO's Trademark Trial and Appeal Board.

4

***Defendants' Refusal to Halt Infringing Activity***

24. On or about May 16, 2018, Bodega, via its attorneys, sent written notice to Defendants of Bodega's concerns regarding the use of the BODEGA ROSE Marks and the federal trademark application to register the BODEGA ROSE & Design Mark. A copy of the May 16, 2018, notice letter is attached hereto as Exhibit C.

25. Upon information and belief, Defendants have transported apparel and sneaker-shaped planters bearing the BODEGA ROSE Marks in interstate commerce.

26. Upon information and belief, Defendants have displayed and advertised apparel and sneaker-shaped planters bearing the BODEGA ROSE Marks online, including to consumers in the Commonwealth of Massachusetts, and continue to display the BODEGA ROSE Marks.

27. Defendants continue to use the BODEGA ROSE Marks in connection with products, which will and do directly compete with Bodega's own products.

## FIRST CLAIM FOR RELIEF
**(Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114)**

28. The allegations contained in the preceding paragraphs are incorporated herein by reference.

29. This claim is brought under 15 U.S.C. § 1114.

30. Bodega has continuously and extensively used the BODEGA Marks since at least as early as May 2006.

31. Bodega's use and registration of the BODEGA Marks commenced and occurred prior to Defendants' adoption of the BODEGA ROSE Marks.

32. Bodega owns federal trademark registrations for the BODEGA and BDGA marks, which registrations are valid, subsisting, and in full force and effect.

33. Defendants' BODEGA ROSE Marks, for use on and in connection with apparel and sneaker-shaped planters, so resemble Bodega's first-used and registered BODEGA and BDGA marks for closely related goods and services offered within the very same market is likely to confuse, mislead, and deceive members of the public into believing that Bodega has allowed, sponsored, approved, or licensed Defendants to provide competing goods and services, or that Defendants are in some way connected to or affiliated with Bodega.

34. Any such confusion would result in injury or have a direct, deleterious impact on Bodega's reputation and its ability to market its own goods and services under the BODEGA Marks. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation Bodega has established for its high-quality goods and services offered under the BODEGA Marks.

35. Defendants' activities are being carried out willfully, with constructive and actual notice of Bodega's prior rights and registrations in and to the BODEGA Marks.

36. Defendants are liable for infringement of the federally registered BODEGA and BDGA marks in violation of 15 U.S.C. § 1114.

37. Bodega has been and will continue to be irreparably injured by Defendants' conduct. Bodega cannot be adequately compensated for these injuries by monetary remedies alone, and Bodega has no adequate remedy at law for Defendants' infringement of its rights.

38. Bodega has been damaged and has suffered economic harm as a result of Defendants' activities and is likely to continue to be damaged and to suffer economic harm unless this Court enjoins Defendants' unlawful activities. Bodega is without an adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition – Lanham Act § 43(a), 15 U.S.C. §1125(a))**

39. The allegations contained in the preceding paragraphs are incorporated herein by reference.

40. This claim is brought under 15 U.S.C. § 1125(a).

41. Bodega has continuously and extensively used the BODEGA Marks prior to Defendants' adoption of the BODEGA ROSE Marks.

42. The BODEGA Marks are distinctive and commercially strong.

43. Defendants' BODEGA ROSE Marks, for use on and in connection with apparel and sneaker-shaped planters, so resemble Bodega's first used BODEGA Marks for closely related goods and services offered within the very same market is likely to confuse, mislead, and deceive members of the public into believing that Bodega has allowed, sponsored, approved, or licensed Defendants to provide competing goods and services, or that Defendants are in some way connected to or affiliated with Bodega.

44. Any such confusion would result in injury or have a direct, deleterious impact on Bodega's reputation and its ability to market its own goods and services under the BODEGA Marks. Furthermore, any defect, objection, or fault found with Defendants' goods or services would negatively impact and seriously injure the reputation Bodega has established for its high-quality products and services offered under the BODEGA Marks.

45. Bodega has been damaged and has suffered economic harm as a result of Defendants' activities and is likely to continue to be damaged and to suffer economic harm unless this Court enjoins Defendants' unlawful activities. Bodega is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

46. The allegations contained in the preceding paragraphs are incorporated herein by reference.

47. Upon information and belief, Defendants have promoted their apparel and sneaker-shaped planters in connection with the BODEGA ROSE Marks throughout the United States, including the Commonwealth of Massachusetts. Such promotional activities have been conducted

through various means, including but not limited to, Defendants' website at bodegarose.com, which prominently features the BODEGA ROSE Marks.

48. Defendants' BODEGA ROSE Marks, for use on and in connection with apparel and sneaker-shaped planters, so resemble Bodega's first used BODEGA Marks for closely related goods and services offered within the very same market is likely to confuse, mislead, and deceive members of the public into believing that Bodega has allowed, sponsored, approved, or licensed Defendants to provide competing goods and services, or that Defendants are in some way connected to or affiliated with Bodega.

49. Any such confusion would result in injury or have a direct impact on Bodega's reputation and its ability to market its own goods and services under the BODEGA Marks. Furthermore, any defect, objection, or fault found with Defendants' goods or services would negatively impact and seriously injure the reputation Bodega has established for its high-quality goods and services offered under the BODEGA Marks.

50. Defendants' actions violate Massachusetts common laws of trademark infringement and unfair competition, which prohibit unfair and deceptive methods, acts, or practices in the conduct of trade or commerce.

51. Bodega has been damaged and has suffered economic harm as a result of Defendants' activities and is likely to continue to be damaged and to suffer economic harm unless this Court enjoins Defendants' unlawful activities. Bodega is without an adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

52. The allegations contained in the preceding paragraphs are incorporated herein by reference.

53. Through its acts of unfair competition, false designation of origin, and trademark infringement, Defendants' have unjustly and inequitably profited and/or enriched themselves at Bodega's expense and to its injury. Such unjust enrichment will continue unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bodega, LLC respectfully prays for the following relief against Defendants Olivia Lerner and Bodega Rose, Inc. as follows:

a) An order declaring that Defendants' unauthorized use of the BODEGA ROSE Marks violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125;

b) An order permanently enjoining and restraining Defendants and those in active concert and participation with Defendants from:

1. Further infringing, and/or making any use of the BODEGA Marks, or any colorable imitations, including the BODEGA ROSE Marks, to advertise, promote, display, sell, or offer any apparel and sneaker-shaped planters, or any related goods or services;

2. Representing or suggesting to any third party that Defendants or their goods or services are affiliated with, sponsored by, licensed by, or otherwise associated with Bodega or the BODEGA Marks; and

3. Otherwise unfairly competing with Bodega directly or indirectly;

c) An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods advertised, promoted, displayed, sold, or offered by Defendants are authorized by Bodega or are in any way related to Bodega or its goods and services;

d) An order directing an accounting and judgment be rendered against Defendants for:

1. All profits received by Defendants as a result of Defendants' infringement and/or unfair competition of the BODEGA Marks as provided for in 15 U.S.C. § 1117; and

2. An award of treble damages to Bodega for Defendants' willful and deliberate conduct, pursuant to 15 U.S.C. § 1117; and

3. An award to Bodega for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117; and

e) An order directing Lerner to expressly abandon U.S. Trademark Application Serial No. 87/850,104 for the BODEGA ROSE & Design mark.

f) Any other relief that the Court finds warranted and just.

## JURY DEMAND

Plaintiff Bodega, LLC requests a jury trial on all counts.

Bodega, LLC

Date: December 6, 2019

/s/Aaron Y. Silverstein
Aaron Y. Silverstein
(BBO No. 660716)
Saunders & Silverstein LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
+1.978.463.9100
asilverstein@sandsip.com

*Attorneys for Plaintiff*
*Bodega, LLC*